**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION**

| | | |
|---|---|---|
| VIRGILIO ARNOLDO GALVEZ-DEL CID | * | Civil No. AW-09-2317 |
| | * | Crim No. AW-07-0265 |
| v. | * | |
| | * | |
| | ****** | |
| UNITED STATES OF AMERICA. | | |

## MEMORANDUM OPINION

Before the Court is a Motion/Petition to Vacate filed by the Petitioner/Defendant, Virgilio Arnoldo Galvez-Del Cid, for relief pursuant to 18 U.S.C. § 2255. On June 2, 2008, and pursuant to a written plea agreement dated March 3, 2008, Petitioner entered a guilty plea to count one of the above-referenced indictment charging Petitioner with conspiracy to Launder Monetary Instruments in violation of 18 U.S.C. § 1956 (h). In the plea agreement, the parties agreed that the final adjusted offense level was a 23. A presentence report was ordered and a sentencing hearing was held on September 4, 2008. At the sentencing hearing, counsel for Petitioner consistent with his Sentencing Memorandum filed on behalf of Petitioner argued for a variance under the factors set forth in 18 U.S.C 3553 (a). Immediately following the hearing, Petitioner was sentence to 46 months incarceration (the absolute low end of the advisory sentencing guidelines) with the Bureau of Prisons. No appeal was filed.

On August 31, 2009, Petitioner filed this Motion to Vacate wherein he alleges that he was the victim of ineffective assistance of counsel predicated on essentially two grounds. First, Petitioner claims that his trial counsel despite being requested by Petitioner to do so, failed to file an appeal. Secondly, Petitioner claims that despite being requested to do so by Petitioner, his trial counsel failed to file a motion under U.S.S.G. § 5k2 for a departure or variance because of hardship suffered

by Petitioner as a result of being incarcerated for 10 months in a detention/jail and under unreasonable circumstances.  The Government has responded to the Motion and Petitioner has filed a reply.  The Motion is now ripe for resolution.

With respect to the claim by Petitioner that his counsel was ineffective, the Court reviews his allegations under the well established standard set forth in Strickland v. Washington, 466 U.S. 668, 687 (1984), under which a claimant must establish the two prong standard of deficient performance and prejudice.  In other words, in order to succeed on his claim of ineffective assistance of counsel, Petitioner must show that his counsel's performance was deficient in that counsel made errors so serious that he ceased to function as a counsel within the meaning of the Sixth Amendment, and that the alleged deficient performance prejudiced the defense.  Id.  The claim by Petitioner that his counsel failed to file a 5k2 request for a variance or departure can be disposed of quite quickly.  A review of the record clearly reveals that Petitioner's counsel did in fact argue for a variance because of the hardship associated with Petitioner's pre-trial detention. It could not be any clearer. In section 6 of the sentencing memorandum filed by Petitioner's counsel, an 18 U.S.C § 3553 (c) variance was requested, *inter alia*, because of the special hardship and conditions of detention suffered by Petitioner.  Counsel was not required to use the mechanism requested by Petitioner (5k2) to make the request.  The point is that the request for a variance for the reasons requested by Petitioner was made.  This ground of ineffective assistance of counsel is but a bald allegation and devoid of merit.

The second ground in support of the claim for ineffective assistance of counsel is that Petitioner asserts that he asked his counsel to appeal in order that he could challenge [what he appears to be saying in his Motion] the Court's abuse of discretion in not granting a variance as well as challenging the disparity of his sentence in comparison with the other co-defendants.  What is

quite clear is that in the plea agreement, both Petitioner and the Government waived their rights to appeal. Yet, as the Court understands the law, even if a defendant wants his/her counsel to file even a frivolous appeal and makes the request, counsel must file the appeal. Here, Petitioner alleges that he asked his counsel to appeal, claims that his counsel promised to appeal, but says that his counsel, despite the request and the promise did not note the appeal. There appears to be nothing in the record to refute or address the specific claim by Petitioner that he requested his counsel to file an appeal. While, the record reflects that Petitioner waived his right to appeal, and should Petitioner note his appeal, Petitioner likely will be confronted with a motion to dismiss the appeal because of the waiver, the Court believes that it is compelled to extend the time for Petitioner to note an appeal, which, in effect, will allow Petitioner to appeal if that is his desire.

     Beyond providing Petitioner the right to note his appeal, the remainder of his assertions is meritless. Petitioner advised the Court under oath and pursuant to the Rule 11 colloquy that he understood all of his rights and had reached a decision to plead guilty. The Court sentenced Petitioner to the bottom of the guideline sentence for an offense level of 23 which is the offense level for which Petitioner bargained when he entered his guilty plea. Therefore [ beyond the issue of providing Petitioner the right to note his appeal] as to the remaining claim(s), and based upon this record, the Court does not believe Petitioner has made any showing that counsel's performance was legally deficient nor is there any evidence of prejudice pursuant to the <u>Strickland</u> standard. Accordingly, Petitioner's ineffective assistance of counsel claim on the alleged failure of counsel to request a hardship departure/variance fails.

     In sum, the Court has reviewed the current pleadings and the entire files relative to the present motion as well as the underlying criminal case. The Court will permit Petitioner to note an appeal.

Beyond that, the Court finds that Petitioner has not demonstrated a legal and cognizable basis for any further relief.  Accordingly, the Petitioner's motion pursuant to § 2255 is GRANTED, in part and DENIED, in part.  A separate Order will be issued.


December 3rd , 2009                                              _____//s//_____
Date                                                                              Alexander Williams, Jr.
                                                                                     United States District Court